UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:11-00146 |
| | ) | Judge Sharp |
| RICHARD FLETCHER, JR. | ) | |

# ORDER

Pending before the Court is Defendant's "Motion for Correction of Imposed Sentence" (Docket No. 61) to which the Government has responded in opposition (Docket No. 63). Defendant's Motion will be denied.

According to the Motion, Defendant is in the custody of the Federal Bureau of Prisons (BOP) at the United States Penitentiary – McCreary. He claims that he "was notified upon his arrival by the Records Department that he was not given his full jail time credits [sic] that was spent in custody" and "asserts that he is entitled to prior custody credits towards his federal sentence for all of the time spent in custody[.]" (Docket No. 61 at 1). He requests that the Court "direct the BOP to grant the previously spent jail time credits required by law." (Id. at 2).

The record reflects that on November 19, 2012, in accordance with a Rule 11(c)(1)(C) plea agreement, Defendant pled guilty to being a previously convicted felon in possession of a firearm, and waived all rights of appeal, except for claims of ineffective assistance of counsel, prosecutorial misconduct, or involuntariness of plea. In accordance with the plea agreement, Defendant was sentenced to a below-guidelines sentence of 60 months imprisonment.

Defendant's present motion does not raise allegations of ineffective assistance of counsel, prosecutorial misconduct, or involuntariness of his plea. Rather, Defendant's motion complains

1

about how the BOP has credited (or not credited) his prior jail time.

Federal courts may "ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion" for a number of reasons, including "to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis." Castro v. United States, 540 U.S. 375, 381-82 (2003). Defendant's Motion for Correction is not the proper vehicle nor is this the appropriate forum for the relief that he seeks. This is because Defendant is not claiming that his sentence was unlawful or contrary to his plea agreement; his claim is an attack on how his sentence is being carried out, and it is thus governed by 28 U.S.C. § 2241.

"A petition under 28 U.S.C. § 2241 in the court having jurisdiction over the prisoner's custodian is the proper remedy for a prisoner requesting relief from the execution of a federal sentence." McCain v. Webb, 62 F. App'x 596, 598 (6th Cir. 2003); see also Doan v. Lamanna, 27 F. App'x 297, 298-99 (6th Cir. 2001) ("If a federal prisoner seeks to challenge the execution of his sentence, he must file a § 2241 habeas petition in the district court having jurisdiction over the petitioner's custodian"); United States v. Melbert, 410 F. App'x 750, 752 (5th Cir. 2010) ("Insofar as [defendant] is challenging the manner in which his sentence is being executed and he is seeking credit on his federal sentence for prior custody, his motion was properly construed by the district court as arising under 28 U.S.C. § 2241"). In other words, a petition under Section 2241 filed in the district in which defendant is being held is the method used to challenge the computation of sentence credits by the BOP. Hernandez v. Lamanna, 16 F. App'x 317, 320 (6th Cir. 2001); see also United States v. Allen, 124 F. App'x 719, 721 (3rd Cir. 2005) ("The exclusive remedy for challenging the BOP's calculation of a federal sentence is a habeas corpus petition filed pursuant to 28 U.S.C. § 2241, directed to the district court in the United States District where the petitioner is incarcerated,

2

and naming the warden of the federal facility as a respondent"). Further, "[a]lthough a prisoner may seek judicial review of the computation of this credit under 28 U.S.C. § 2241, he may do so only after he has sought administrative review and has exhausted all of his administrative remedies." United States v. Dowell, 16 F. App'x 415, 420 (6th Cir. 2001); see also United States v. Singh, 52 F. App'x 711, 712 (6th Cir. 2002) ("Complete exhaustion of administrative remedies is a prerequisite to seeking review of the BOP's calculation of sentencing credit.").

Here, Defendant does not allege or even suggest that he has exhausted any administrative remedies that may be available, and the Government states that the BOP has reported there is no record of Defendant pursuing any administrative remedies. More fundamentally, Defendant is not incarcerated in this district but is instead incarcerated at U.S.P. McCreary in the Eastern District of Kentucky. Accordingly, Defendant's "Motion for Correction or Imposed Sentence" (Docket No. 61), construed as a petition under 28 U.S.C. § 2241, is hereby DENIED.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE

.